BURDETTE, SMITH & CO. v. WOODWORTH & CO. *et al.*

Chattel Mortgages: OF UNDIVIDED HALVES OF FIRM PROPERTY: PRIORITY. W. and M. were partners in the hardware business. W. mortgaged his undivided one-half interest in the stock of goods to L. to secure a debt which W. owed him. Afterwards W. purchased of M. the other undivided one-half of the stock, and, to secure a part of the purchase price, mortgaged the whole stock to him. Afterwards the whole stock was attached by other and subsequent creditors of W. and converted into money, which was in the hands of a receiver awaiting disposition by the court. The amount due on L.'s mortgage exceeded the one-half of the amount of the proceeds of the goods, and so did the amount due on M.'s mortgage. *Held*, as between L. and M.'s assignee, that each had a lien on the undivided one-half of each article composing the stock, and that each was entitled to have applied on his mortgage the one-half of the money in the hands of the receiver. [BECK, J., *dissenting.*]

*Appeal from Page District Court.* — HON. A. B. THORNELL, Judge.

FILED, FEBRUARY 4, 1889.

THE action was in attachment, wherein a receiver was appointed, and the attached property was converted into money. The Grinnell Barb-Wire Company intervened, and, by the judgment rendered in the case, the property was awarded to that company. Subsequently, C. Linderman intervened, claiming the property involved in the case. His claim was sustained by the court below, and a judgment to that effect was rendered. The Grinnell Barb-Wire Company and its assignor, Mather, appeal.

*H. E. Parslow* and *G. B. Jennings*, for appellant.

*N. B. Moore* and *H. H. Scott*, for appellee Linderman.

ROBINSON, J.—I. The following are the facts of the case: Woodworth, being indebted to intervenor Linderman, executed, in security of the debt, a mortgage upon his interest (one-half) in the property of a

partnership composed of himself and Mather. Soon thereafter Woodworth purchased the interest of Mather in the copartnership property and business, and the firm was dissolved. To secure notes given for the purchase of the property, Woodworth executed to Mather a mortgage upon the property acquired by him, and formerly owned by the firm. Mather transferred the notes and mortgage to the Grinnell Barb-Wire Company. The contest in the case is between the company and Linderman, and involves the question as to the interest of each in the proceeds of the stock now in the hands of the receiver.

II.   The mortgage to Linderman is in form a bill of sale, and in terms conveys "the undivided half" of the stock of goods in controversy. It has no relation to, and cannot be made to include, any property or interest which the mortgagor might acquire after it was executed. Therefore, when Woodworth subsequently purchased Mather's interest in the stock, the purchase did not in any manner inure to the benefit of Linderman. Mather exchanged his ownership of an undivided one-half of the stock for notes secured by a mortgage on all the stock. He claims that he did this without actual knowledge of Linderman's mortgage, which was not then of record; but we are of the opinion that the evidence shows that he had such knowledge when his mortgage was taken. His claim as to an undivided one-half of the stock was junior to the lien of Linderman, and as to the remainder it was superior. Woodworth seems to have taken possession of the stock under his purchase from Mather, and two weeks later it was seized on attachment. The only showing as to the disposition made of it is contained in an agreement, which is as follows: "It is mutually agreed that the stock of hardware, tinware, cutlery, and property of whatsoever character described in the Linderman bill of sale, or mortgage of the Grinnell Barb-Wire Company, contested in this cause, covers one and the same stock of goods, and that through the action of the receiver appointed

by this court the said stock of goods has been converted into cash, and is now in the hands of the receiver, the sum being in the neighborhood of six hundred dollars."

The evidence does not show the value of the stock at the time of the Mather sale. The mortgage given to Mather was to secure notes amounting to $2,596. He was to have all the accounts and notes of Woodworth & Co., and was to pay all the debts of the firm contracted in Coin, Iowa, and Woodworth was to pay any other debts of the firm which might exist. As to the value of these accounts and notes, and the amount of the indebtedness, there is little, if any, evidence. Woodworth was to keep the stock "up to three thousand dollars," but it is not shown that it was ever worth that sum ; nor do we think it material, for the purposes of this decision, to know the value of the stock at any of the dates involved in this controversy. By the terms of his bill of sale, Linderman had a claim upon an undivided one-half of the stock, and of necessity that included a claim upon the undivided one-half of each article included in the stock. The same is true as to the interest in the other undivided one-half acquired by Mather. Each of the mortgages in question was given to secure individual indebtedness, and no question as to the rights of partnership creditors is involved. We cannot presume that a portion of the goods was sold to pay creditors of Woodworth and Mather, and there is no evidence to that effect. On the contrary, the agreement which we have quoted tends to show that the proceeds of the entire stock of goods are now in the hands of the receiver. The language of the agreement is that " the said stock of goods has been converted into cash, and is now in the hands of the receiver, the sum being in the neighborhood of six hundred dollars." In our opinion there is no room for the presumption that a portion of the stock has been sold for the benefit of Mather. The Grinnell Barb-Wire Company is entitled to all the rights created by the mortgage to him. Each of the claims of the company and Linderman is more than one-half of the amount of money in the

hands of the receiver. We therefore conclude that the district court erred in adjudging the lien of Linderman to be superior, as to an undivided one-half of the stock, to that created by the mortgage to Mather. One-half of the money in the hands of the receiver should be paid on the claim secured by the Linderman bill of sale, and one-half on the claim secured by the Mather mortgage. The judgment of the district court is accordingly

MODIFIED AND AFFIRMED

BECK, J. (*dissenting*).—The facts controlling the conclusions which I reach in the case are few and simple. Linderman's mortgage was executed by one partner upon his interest in the firm property, to secure a personal debt of his own. The mortgage now held by the barb-wire company was executed upon Woodworth's individual property to secure his individual debt. It will be observed that when his mortgage was executed the firm had been dissolved, and he owned all the property. Now, it cannot be doubted that the mortgage to Linderman would bind the property, except as against creditors, or others holding equities by reason of the partnership and partnership transactions ; that is, as between Linderman and Woodworth, and persons claiming under them, with no rights and equities other than they possessed, Linderman's mortgage is valid and effective. The claim and debt for which the mortgage was given was not a partnership transaction. It was an individual debt, incurred for the purchase of Mather's interest in the property. Woodworth's mortgage to Mather was not a partnership transaction. It was a mortgage upon individual property to secure an individual debt. There are no partnership interests or equities in the transaction. Mather and the barb-wire company—the first being the grantee of Woodworth, and the second the assignee of the grantee—stand in Woodworth's shoes. They have no other or higher rights than he had. Woodworth had conveyed the property by an instrument which, as we have seen, passed the interest he held at the time to Linderman.

He could not convey it so as to defeat Linderman's rights, unless to one who had some equity arising from partnership rights and relations, or to one having no notice of the mortgage to Linderman. As I have pointed out, the barb-wire company has no right or equity based upon the partnership. The evidence shows that Mather had notice of the mortgage to Linderman, and that he transferred the note and mortgage as security for a prior indebtedness to the barb-wire company. Upon these facts the company must be held to have no rights different or other than those held by Woodworth and Mather, respectively.

The evidence shows that the amount due Linderman upon his chattel mortgage is six hundred and twenty-five dollars. The value of the property of the firm upon which his mortgage was executed does not clearly appear; but it is agreed by the parties that when the judgment was rendered in this case the amount of money in the receiver's hands was about six hundred dollars. The original debt to Linderman secured by the mortgage was about fifteen hundred dollars. Woodworth had paid one thousand dollars upon it. An agreement between the partners requires the stock to be kept up to three thousand dollars. We think it may be presumed, upon this evidence, that the stock of the firm was worth three thousand dollars, and Woodworth's interest in it was fifteen hundred dollars; and it will be presumed that the stock was reduced so that only six hundred dollars was left in the hands of the receiver by the appropriation of the money or property to partnership purposes; that is, all the money and property had been applied to firm debts, or used in the firm's business, except the six hundred dollars. Now, Linderman had a mortgage upon the half interest in the property, of which Mather had notice. The law will not permit the parties to dispose of the property so as to defeat Linderman's mortgage. They cannot claim that he can recover only one-half of the property remaining on hand. It will be presumed that the parties reserved his interest, and that the six hundred dollars is subject to

his mortgage. Unless this be held, the partners had it in their power to defeat Linderman's mortgage; and, as I have shown, the barb-wire company stands in Mather's shoes, and has no rights other than such as he had. Surely he could not claim any part of the six hundred dollars, and the barb-wire company cannot. Linderman, therefore, is entitled to be first paid out of it. In my opinion the judgment of the district court ought to be affirmed.